No. 215

LUTHY, Admr., v. CINCINNATI, N. Y. & TEX. P .RY. CO.

Superior Court of Cincinnati

No. 58887. Decided Feb. 8, 1924

1283. WORKMAN'S COMPENSATION—An injured employe of construction company may sue railroad even though he accepts compensation from his employer—The amount of the award granted by the Commission cannot be pleaded in mitigation of damages for wrongful death of employe.

MARX, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Swybold was employed by the Foundation Co., which company, under an independent contract, was engaged in constructing a bridge for the defendant railroad. He was killed by this railroad's negligence in running one of its cars against a platform upon which he was working. Deceased was employed and paid by the Foundation Co., which was a contributor to the State Insurance Fund, i. e., it had elected to comply with the State Compensation Act. The railroad, however, had not complied with the act and had not elected to comply with the act, but on the contrary adjusted its own claims. A demurrer was filed to the answer, which raised two question: First, whether an acceptance of an award from the Industrial Commission under the Workmen's Compensation Act by an injured employe bars such employe from bringing an action for the same personal injury against a third person; and, second, whether the amount of such award may be pleaded to reduce or extinguish the damage alleged to have been caused by the negligence of such third person. In sustaining the demurrer to the petition the Court held.

1. Acceptance of an award by the personal representatives of a deceased employe, does not bar a right of action for his wrongful death alleged to have been caused by the neglect of a third person.

2. The amount of an award accepted by the personal representatives of a deceased employe under the Workman's Compensation Act, cannot be pleaded in mitigation of damages for the wrongful death of such employe in an action against a negligent third person.

Attorneys—Thomas D. Slattery and Lewis F. Brown, for Luthy; Harmon, Colston, Goldsmith & Hoadley, for Railroad Company.

# This Week's Digest

## TABLE OF CASES
### Published in This Week's Abstract

#### OHIO SUPREME COURT
##### Syllabi of Current Decisions

Cols. Ry. Power & Lt. Co. v. Harrison, 2 Abs. 197.
Groby v. State, 2 Abs. 197.
Huntington Co. v. L. E. Lumb. Co., 2 Abs. 197.
Lisk, Admr., v. Hora, 2 Abs. 198.
N. Y. Cent. v. Francis, 2 Abs. 197.
State v. Schwab, 2 Abs. 196.
Winzler v. Knox, 2 Abs. 196.

For List of New Cases Docketed, see Pg. 194
For List of Motion Docket Cases Decided, See Pg. 195

##### Abstracts of Pending Cases

Amer. Indem. Co. v. Myer, 2 Abs. 199.
Cincinnati Fin. Co. v. Booth, 2 Abs. 200.
Clancy v. Goebel, 2 Abs. 200.
Donselman v. Mulligan, 2 Abs. 198.
Md. Casualty Co. v. Citz. Bank, 2 Abs. 199.
Royal Green Coach Co. v. P. U. C., 2 Abs. 200.
Smart v. Ajax Rubber Co., 2 Abs. 198.

#### OHIO COURT OF APPEALS

Crane Choc. Co. v. Maple Syrp. Co., 2 Abs. 204.
Davies v. Hambly, 2 Abs. 202.
Deutsch v. State, 2 Abs. 203.
Donselman v. Mulligan, 2 Abs. 202.
Franklin Bond Co. v. Long, 2 Abs. 206.
Friedman v. Huntsberry, 2 Abs. 204.
Jarrett v. McShaffrey, 2 Abs. 207.
Levering v. Levering, 2 Abs. 201.
Luthy v. Cincinnati, 2 Abs. 207.
Morton v. Cincinnati, 2 Abs. 203.
Ohio State Bank v. Biltwell Co., 2 Abs. 206.
Orebaugh v. Severence, 2 Abs. 201.

## DIGEST OF OPINIONS
### Published in This Week's Abstract

27. ACTIONS—Action for damages against owner of a vicious dog, for injuries to a person resulting in death, may be maintained by widow or nxet of kin. Lisk v. Hora, OS. Syl. 2 Abs. 198.

80. ANICALS—Action for negligence of owner of dog in suffering it to commit injury, may be maintained under either common law or statute —Pleading and proof of known vicious character of dog not necessary. Lisk v. Hora, OS. Syl. 2 Abs. 198.

114. ATTORNEYS—Misconduct in trial—Collision of trolley car and motorcycle—Negligence of motorman. Wasserman v. Cols. Ry. Co., OS. Pend. 2 Abs. 2.

118. AUTO BUS LINES—Competition with traction. Royal Green Co. v. Ohio P. U. C., OS. Pend. 2 Abs. 200.

118. AUTOMOBILES. See 661, Intoxicating Liquors.

129. BASTARDY. Liability of putative father for support of child. Donselman v. Mulligan, OS. Pend. 2 Abs. 199.

155. BLUE SKY LAW—Application of to different classes of persons mentioned. Groby v. State, OS. Syl. 2 Abs. 196.

187. BUILDINGS. See 829, Negligence.

225. CHARGE TO JURY—Failure to define reasonable care in special charge not erroneous if term defined in general charge. Jarrett v. McShaffrey Co., OA. 2 Abs. 201.
See 1195, Trial.